OPINION
Appellant La'Sonya Young appeals the December 17, 1997 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, terminating her parental rights and granting permanent custody of her minor child, Lawrence Elliott, Jr., to appellee Stark County Department of Human Services.[1]
 STATEMENT OF THE FACTS AND CASE
On December 17, 1996, the Stark County Department of Human Services (hereinafter "SCDHS") filed a complaint in the Stark County Court of Common Pleas, Juvenile Division, alleging Lawrence Elliott, Jr., was a neglected child as defined in R.C.2151.03(A)(2) and (3). At the child's birth on December 14, 1996, appellant, the biological mother, and the child both tested positive for cocaine. Appellant admitted to on-going cocaine use throughout her pregnancy.
At an emergency shelter care hearing on December 17, 1996, the trial court granted SCDHS protective supervision. The trial court ordered appellant and the child to reside with appellant's father. The trial court further ordered appellant to undergo a drug and alcohol evaluation, to submit urine samples three times per week, and to keep all of the child's doctor's appointments. Appellant appeared at the emergency shelter care hearing without counsel.
On January 14, 1997, SCDHS filed a case plan. At the adjudicatory hearing on January 17, 1997, the trial court found Lawrence, Jr. to be a neglected child. After hearing sworn testimony, the trial court determined the child's best interest would be served by removing him from appellant's custody and placing him in the legal custody of SCDHS pending the dispositional hearing. The trial court found appellant had tested positive for cocaine use on January 6, 1997. Although appellant had been served with the date and time of the adjudicatory hearing, she failed to appear.
The trial court conducted a dispositional hearing on March 12, 1997. The evidence presented at the hearing revealed appellant was incarcerated from February 24, 1997, until February 28, 1997. Appellant had dropped only two of the requisite urine specimens, one on December 26, 1996, and the other on January 6, 1997. Both samples tested positive for cocaine and marijuana. Additionally, appellant failed to keep her appointments for parenting classes. At the time of hearing, appellant had visited the child on only one occasion. The trial court granted temporary custody of the child to SCDHS. Although served by certified mail, appellant failed to appear.
On June 12, 1997, the trial court held a six-month review of the case. The sworn testimony presented by SCDHS at the review revealed appellant had failed to appear for four scheduled visits with the child. Her last visit with the child was on January 30, 1997. Appellant failed to comply with the case plan and provided urine drops which were positive for illegal drugs. Appellant did not appear at the dispositional hearing. On September 17, 1997, SCDHS filed a motion for permanent custody based upon the evidence presented at the six-month review. On November 12, 1997, the trial court conducted an annual review hearing. After taking sworn testimony, the trial court found appellant was incarcerated on a probation violation and had failed to comply with any aspect of the case plan. Again, appellant failed to appear.
On December 15, 1997, the trial court conducted a hearing on SCDHS's motion for permanent custody. Linda Ledgerwood, a family service worker for SCDHS, testified appellant was currently incarcerated at Marysville Correctional Facility on a parole violation. Ledgerwood stated she reviewed the case plan with appellant on January 30, 1997. At that time, Ledgerwood explained to appellant the goal of the case plan was to reunify her with Lawrence, Jr. According to Ledgerwood's investigation, appellant failed to comply with the case plan. Specifically, appellant failed to contact Goodwill Parenting, failed to contact any of the counseling agencies, and failed to contact Metropolitan Housing. Although appellant did submit several urine drops to Quest Recovery Services, those samples provided positive test results for cocaine and marijuana. Ledgerwood further testified appellant did not take advantage of visitation. Appellant visited the child once, on January 30, 1997. Four subsequent visits were scheduled, however, appellant failed to attend the visits. Appellant also did not appear at this hearing.
Regarding the child's best interest, Ledgerwood testified Lawrence, Jr. is a one year old, African American boy, who had tested positive for cocaine at birth, but appeared developmentally on target. The child is currently in a foster-to-adopt home, and the foster parents have expressed a desire to adopt the child. Although his foster parents are not African American, they are aware of the child's need to experience cultural diversity.
Via Judgment Entry dated December 17, 1997, the trial court terminated appellant's parental rights and granted permanent custody of Lawrence, Jr. to SCDHS. The trial court also filed Findings of Fact and Conclusions of Law on the same day.
It is from the December 17, 1997 Judgment Entry appellant prosecutes this appeal raising the following assignments of error:
 I. THE JUDGMENT OF THE TRIAL COURT GRANTING PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE. (TR. AT 4-20).
 II. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTEREST OF THE CHILDREN WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE. (TR. AT 4-20).
 I II
In both assignments of error, appellant raises manifest weight and sufficiency of the evidence claims. In her first assignment of error, appellant maintains the trial court's granting permanent custody of the child to SCDHS was against the manifest weight and sufficiency of the evidence. In her second assignment of error, appellant contends the trial court's finding the best interest of the Lawrence, Jr. would be served by granting SCDHS permanent custody was against the manifest weight and sufficiency of the evidence.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
The relevant statute is R.C. 2151.414, which provides, in pertinent part:
 (B) The court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents;
* * *
In determining the best interest of a child, R.C. 2151.414(D) states:
 (D) . . . the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
We find the trial court's finding it was in Lawrence's best interest to grant SCDHS' motion for permanent custody is not against either the sufficiency or the manifest weight of the evidence. The record reveals, at the time of hearing, the child, who was one year old, had been in the legal custody of SCDHS since he was one month old. Appellant had visited the child on only one occasion from January 17, 1997, until the date of the permanent custody hearing. Only one relative expressed an interest in having placement of the child. However, four days after the child was placed with the relative, she requested he be removed from her home because she could not care for him. Although the child tested positive for cocaine at birth, he is developmentally on target. The child has been in his current foster home since February, 1997. His foster parents, although not African American, are interested in adopting him. The foster parents are aware of the need to expose Lawrence to cultural diversity. Further, the child exhibits no bonds with any member of his biological family. Consequently, we find the trial court's determination it was in Lawrence's best interest to grant permanent custody to SCDHS is not against the manifest weight of the evidence.
However, a best interest determination is not sufficient to grant permanent custody of a child to an agency and divest parents of their parental rights. In the instant case, the trial court further found, pursuant to R.C. 2151.414(B)(1), Lawrence was not abandoned or orphaned and could not be placed with either parent within a reasonable time or should not be placed with either parent. In reaching this determination, the trial court relied upon R.C. 2151.414(E)(1), (2), and (4). Specifically, the trial court found:
 12. Following the placement of Lawrence Elliott, Jr. outside of his home and, notwithstanding reasonable case planning and diligent efforts by the SCDHS to assist Lasonya Young to remedy the problems that initially caused Lawrence to be placed outside his home, Lasonya Young, the mother of Lawrence Elliott, Jr., has failed continuously and repeatedly for a period of six (6) months to substantially remedy the conditions causing Lawrence to be placed outside the home.
 13. The severe and chronic chemical dependency of Lasonya Young makes her unable to provide an adequate permanent home for Lawrence at the present time and in the foreseeable future.
 14. Lasonya Young has demonstrated a lack of commitment toward Lawrence by failing to regularly visit or communicate with him when able to do so. Lasonya Young has committed actions showing an unwillingness to provide an adequate permanent home for Lawrence Elliott, Jr.
 December 17, 1997 Findings of Fact and Conclusions of Law at 7-8.
Appellant submits the trial court's findings are erroneous because said findings are based upon the pre-amended version of R.C. 2151.414(E).[2] Specifically, appellant explains R.C.2151.414(E)(1), which the trial court relied upon in finding No. 12, no longer specifies a six month continuous and consistent failure to remedy the conditions causing the removal of the child from the home. Regarding R.C. 2151.414(E)(2), which the trial court relied upon in finding No. 13, appellant claims the legislature abolished the ambiguous time reference created by the "in the foreseeable future" language in favor of a more definite standard.
The relevant portions of amended R.C. 2151.414(E) provide:
 (E) In determining * * * whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. * * *
 (2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing * * *
 (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child.
(Emphasis added).
We agree with appellant the trial court's findings Nos. 12 and 13 are flawed because the trial court apparently applied former R.C. 2151.414(E)(1) and (2). However, R.C. 2151.414(E) requires a trial court to enter a finding the child cannot be placed with either parent within a reasonable time or should not be placed with either parent when "one or more" of the factors exist. The trial court's reasoning in finding No. 14 that appellant "has demonstrated a lack of commitment toward Lawrence by failing to regularly visit or communicate with him when able to do so" and has shown "an unwillingness to provide an adequate permanent home" for the child is a sufficient basis upon with the court could enter such a finding. Accordingly, we find the trial court's finding Lawrence could not be placed with appellant within a reasonable time or should not be placed with appellant pursuant to R.C. 2151.414(E)(4) is not against either the sufficiency or the manifest weight of the evidence.
Appellant's first and second assignments of error are overruled.
The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
By: Hoffman, J., Farmer, P.J. and Gwin, J. concur.
[1] Lawrence Elliott, Sr., the alleged father, committed suicide in 1996, prior to learning about the conception of the child. As such, he is not a party to this appeal.
[2] R.C. 2151.414(E) was amended in 1996.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.